UNITED STATES of America,
Plaintiff-Appellee,

v.

Maria Refugio MARTINEZ-FRAUSTO,
Defendant-Appellant.

No. 72-1354.

United States Court of Appeals,
Ninth Circuit.

June 16, 1972.

Judgment Vacated Oct. 10, 1972.
See 93 S.Ct. 174.

Philip N. Andreen, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Shelby R. Gott, Asst. U.

**232**

S. Attys., San Diego, Cal., for plaintiff-appellee.

Before BARNES and TRASK, Circuit Judges, and BYRNE, District Judge.*

BARNES, Circuit Judge.

Appellant was convicted by a jury of one substantive count of smuggling an alien, one Filimon Garcia-Quesada, into this country from Mexico (8 U.S.C. § 1324(a) (1)), and acquitted of a conspiracy to smuggle aliens.

She now raises six alleged errors. They are:

1. *The reference to Agent Acuna's belief* that appellant's original statement was corroborated by Garcia-Quesada.

 This was permitted in evidence only for the limited purpose of indicating the state of mind of the witness when he went back to take the statement of the defendant. [R.T. p. 132] The objection as to relevancy was overruled. The jury was properly instructed.

2. *The release by the United States Magistrate of the smuggled alien* (permitting him to return to Mexico) over the objections of *both* defendant and the government. At the trial the defendant introduced the deposition of Garcia-Quesada as part of her case. [R.T. 214] It supported defendant's trial testimony, but contradicted both his and the defendant's earlier statements.

Appellant relies largely on the case of United States v. Mendez Rodriguez, 450 F.2d 1 (9th Cir. 1971) wherein the factual situation and the procedural questions raised were entirely different. We find no error.

3. *The references to the prosecutor's allegedly improper argument* were not objected to at the trial, and were ordinary and usual jury arguments of a particularly mild type.

4. *The verdicts were inconsistent.* Where there is proof of smuggling but no proof of a conspiracy with anyone else, the conviction on the substantive count may be valid, while the acquittal on the conspiracy to smuggle may be just as valid. That is the case here and there is no inconsistency.

5. *Error in Instructions.* The government's proposed instructions were not objected to. [R.T. p. 233] Certain homely examples were recited by the trial judge to explain his instructions. To not one of these to which appellant objects does her counsel cite a case (Appellant's Br., pp. 23–27) to support his position.

6. *Opinion evidence as to Filimon's nationality was allowed in evidence in error.* The fact had already been established by Filimon's own testimony in the deposition introduced by appellant's own counsel at the trial.

We find no error in any of appellant's claims.

We affirm the conviction.